UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKEY W. MOORE,<br>　　　　Plaintiff,<br>　　v.<br>CORIZON HEALTH SERVICES, et al.,<br>　　　　Defendants. | Case No. 16-cv-04195-DMR<br><br>**ORDER DISMISSING CASE** |

Plaintiff Rickey W. Moore filed suit in this court along with an application to proceed *in forma pauperis* ("IFP"). [Docket Nos. 1, 2.] The court granted Plaintiff's IFP application and dismissed the complaint with leave to amend to remedy the deficiencies noted in the order. [Docket No. 5.] Plaintiff timely filed a first amended complaint. [Docket No. 6 ("FAC").] For the following reasons, the court dismisses the first amended complaint.

**I.     DISCUSSION**

Plaintiff alleges the following facts in the FAC. Plaintiff was detained at Santa Rita Correctional Facility from April 14, 2015 through October 11, 2015. FAC 1. He alleges that while he was incarcerated, he received "improper medical treatment"; specifically, he alleges that he was given "wrong medications and dosages" for his diabetes and hypertension. *Id.* Plaintiff alleges that he nearly died, and that he suffered side effects including swelling of his lower extremities during his incarceration and after he was released. *Id.* Plaintiff sues Defendants Corizon Health Services and Santa Rita Jail/Alameda County.

Liberally construing the FAC, Plaintiff alleges four new claims for relief: 1) 42 U.S.C. § 1983 claim for violation of the Eighth Amendment's proscription against cruel and unusual punishment, based on deliberate indifference to Plaintiff's serious medical need; 2) violation of unspecified provisions of the Health Insurance Portability and Accountability Act ("HIPAA"); 3)

42 U.S.C. § 1983 claim for violation of the Fourteenth Amendment; and 4) violation of California's Unruh Civil Rights Act, California Civil Code section 51.[1]  The court will examine each claim in turn.

### A. Section 1983 Claim for Violation of the Eighth Amendment

In its order dismissing the complaint with leave to amend, the court noted that "Plaintiff may be able to allege a violation for deliberate indifference to a serious medical need," and described the requirements for alleging such a claim. [Docket No. 5 at 4-5.] The court also noted that the complaint did not clearly indicate whether Plaintiff was incarcerated as a pretrial detainee or was serving time as a convicted inmate, explaining that "[p]retrial detainees and convicted prisoners look to different constitutional provisions for their respective rights to basic needs such as medical care." *Id*. at 4 n.2 (explaining that the Eighth Amendment governs such claims brought by convicted persons while the Fourteenth Amendment applies to claims brought by pretrial detainees).  Plaintiff has not remedied this deficiency in the FAC; accordingly, the court will analyze Plaintiff's constitutional claims based on his medical needs under both applicable constitutional provisions.

As discussed in the court's previous order, to prove that the response of prison officials to an inmate's medical needs was constitutionally deficient under the Eighth Amendment, the inmate must establish (1) a serious medical need and (2) deliberate indifference to that need by jail officials. *See McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). "A

---

[1] Plaintiff pleads four separate claims for violation of 42 U.S.C. § 1983, "Eighth Amendment (Cruel and Unusual Punishment)," "429 U.S. 97 (Deliberate Indifference Standard)," and "Fourteenth Amendment (Equal Protections of the Laws)." Am. Compl. 3-5. However, Plaintiff "has no cause of action directly under the United States Constitution." *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992). Instead, "a litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983." *Id*. Therefore, the court construes Plaintiff's Eighth Amendment and Fourteenth Amendment claims as two separate claims under 42 U.S.C. § 1983 for violations of the Eighth and Fourteenth Amendment. As to Plaintiff's "429 U.S. 97 (Deliberate Indifference Standard)" claim, it appears that Plaintiff refers to *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), in which the Supreme Court held that deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. This claim is duplicative of Plaintiff's Section 1983 claim for violation of the Eighth Amendment.

1  'serious' medical need exists if the failure to treat a prisoner's condition could result in further
2  significant injury or the 'unnecessary and wanton infliction of pain.'" *Id.* (citing *Estelle v.*
3  *Gamble*, 429 U.S. 97, 104 (1976)).  A prison official is deliberately indifferent if he knows that a
4  prisoner faces a substantial risk of serious harm and disregards that risk by failing to take
5  reasonable measures to abate it.  *See Farmer v. Brennan*, 511 U.S. 825, 837, 844 (1994).

6        As with the original complaint, Plaintiff's first amended complaint fails to sufficiently state
7  a claim for deliberate indifference to a serious medical need.  Plaintiff has not alleged any new
8  facts from which an inference could be drawn regarding a substantial risk of harm or that officers
9  at the jail were aware of the fact that they were providing the wrong medications and wrong
10 dosages for Plaintiff's diabetes and hypertension.  At most, Plaintiff's claim—that Defendants
11 gave him improper medications and dosages—amounts to negligence.  It is well-established
12 federal law that a claim of inadvertent failure to provide adequate medical care or mere negligence
13 is insufficient to constitute an Eighth Amendment violation.  *Estelle,* 429 U.S. at 105–07; *Toguchi*
14 *v. Chung*, 391 F.3d 1051, 1060-61 (9th Cir. 2004) (a claim of negligence or medical malpractice
15 insufficient to make out Eighth Amendment violation); *see, e.g.*, *Frost v. Agnos*, 152 F.3d 1124,
16 1130 (9th Cir. 1998) (finding no merit in claims stemming from alleged delays in administering
17 pain medication, treating broken nose, and providing replacement crutch, because claims did not
18 amount to more than negligence).

19       Plaintiff was previously granted leave to allege an Eighth Amendment deliberate
20 indifference claim, and the court described in detail the requirements for alleging such a claim.
21 However, the FAC contains no new facts to support a deliberate indifference claim; Plaintiff
22 simply repeated the facts that were in the original complaint.  Accordingly, since it appears that
23 Plaintiff is unable to allege facts to adequately plead a deliberate indifference claim, the claim is
24 dismissed without leave to amend.

25     **B.**    **HIPAA Claim**
26       Plaintiff's second claim for relief is violation of unspecified HIPAA provisions.  HIPAA
27 does not create a private right of action for a patient to sue a health care provider.  *Webb v. Smart*
28 *Document Solutions, LLC,* 499 F.3d 1078, 1081 (9th Cir. 2007).  Accordingly, Plaintiff's claim

1 against Defendants for a purported HIPAA violation also fails and is dismissed without leave to
2 amend.

### C. Section 1983 Claim for Violation of the Fourteenth Amendment

Plaintiff's third claim for relief is a Section 1983 claim for violation of the Fourteenth Amendment. Claims for failure to provide care for serious medical needs, when brought by a detainee who has been neither charged nor convicted of a crime, are analyzed under the substantive due process clause of the Fourteenth Amendment rather than the Eighth Amendment. *Lolli v. Cty. of Orange*, 351 F.3d 410, 418-19 (9th Cir. 2003). The Fourteenth Amendment "imposes, at a minimum, the same duty the Eighth Amendment imposes: persons in custody ha[ve] the established right to not have officials remain deliberately indifferent to their serious medical needs." *Gibson v. Cty. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002) (quotation omitted). Thus, Eighth Amendment standards are utilized in evaluating the claims of pretrial detainees. *See Lolli*, 351 F.3d at 419.

As discussed above, Plaintiff has failed to allege facts to support an Eighth Amendment deliberate indifference claim. Since "the 'deliberate indifference' standard applies to claims that correction facility officials failed to address the medical needs of pretrial detainees," *Clouthier v. Cty. of Contra Costa,* 591 F.3d 1232, 1242 (9th Cir. 2010), Plaintiff's Fourteenth Amendment claim is also insufficiently pleaded. As with the Eighth Amendment claim, Plaintiff has already been given the opportunity to amend his complaint to sufficiently allege a deliberate indifference claim. Accordingly, his Fourteenth Amendment claim is also dismissed without leave to amend.

### D. Unruh Act

Plaintiff's fourth claim is for violation of the Unruh Act. California Civil Code section 51 provides, in part, that

> [a]ll persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status, or sexual orientation, are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Cal. Civ. Code § 51(b). "To prevail on [a] disability discrimination claim under the Unruh Civil

4

Rights Act, [a] plaintiff must establish that (1) he was denied the full and equal accommodations, advantages, facilities, privileges, or services in a business establishment; (2) his disability was a motivating factor for this denial; (3) defendants denied plaintiff the full and equal accommodations, advantages, facilities, privileges, or services; and (4) defendants' wrongful conduct caused plaintiff to suffer injury, damage, loss or harm." *Johnson v. Beahm,* No. 2:11–cv–0294–MCE–JFM, 2011 WL 5508893, at *4 (E.D. Cal. Nov. 8, 2011) (citing California Civil Jury Instructions (BAJI), No. 7.92 (Spring 2009)).

Plaintiff has failed to state a claim for violation of the Unruh Act as to either Defendant Santa Rita Jail/Alameda County or Corizon Health Services. The court notes that it is not clear whether Santa Rita Jail/Alameda County, a governmental entity, may be held liable under the statute as a "business establishment." *See, e.g., Anderson v. Cty. of Siskiyou*, C 10-01428 SBA, 2010 WL 3619821, at *6 (N.D. Cal. Sept. 13, 2010) (holding county jail is not a "business establishment" subject to the Unruh Act).[2] However, even assuming the County can be sued under the statute, Plaintiff fails to state a claim for Unruh Act liability against either defendant, since the FAC does not allege that Plaintiff was administered improper medications *because* of a disability.

It is possible that Plaintiff could allege an Unruh Act claim against one or both defendants. However, Plaintiff does not have any remaining federal claims in this action. Since all the federal claims that served as a basis for jurisdiction have been dismissed, the court declines to exercise supplemental jurisdiction over the remaining state law claim. 28 U.S.C. § 1367(c)(3). Plaintiff's state law Unruh Act claim is dismissed without prejudice; Plaintiff may proceed with his Unruh Act claim in state court if he so elects. *See Reynolds v. Cty. of San Diego,* 84 F.3d 1162, 1171 (9th Cir. 1996) (dismissal of pendent state claims following dismissal of related federal claims must be without prejudice), *overruled on other grounds by Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000

---

[2] It appears that Plaintiff may be able to maintain an Unruh Act claim against Defendant Corizon Health Services. In *Wilkins-Jones v. Cty. of Alameda*, 859 F. Supp. 2d 1039, 1050 (N.D. Cal. 2012), the court held that the defendant, Corizon, which is a private, for-profit entity that functions as a business within jails, is a "business establishment" within the meaning of the Act.

1  (9th Cir. 1997) (en banc).

## II. CONCLUSION

For the foregoing reasons, the FAC is dismissed.  The clerk shall close the file in this matter.

**IT IS SO ORDERED.**

Dated: January 30, 2017



Donna M. Ryu
United States Magistrate Judge